CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
APR 0 7 2009
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERESA LEWIS, | ) |
| Petitioner, | ) |
| | ) Civil Action No. 7:07CV00538 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| BARBARA WHEELER, WARDEN, | ) |
| FLUVANNA CORRECTIONAL | ) By: Hon. Glen E. Conrad |
| CENTER FOR WOMEN, | ) United States District Judge |
| Respondent. | ) |

This case is presently before the court on the petitioner's motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. For the following reasons, the petitioner's motion will be denied.

## Background

On May 15, 2003, the petitioner, Teresa Lewis, pled guilty to seven offenses in the Circuit Court of Pittsylvania County. The offenses included the capital murder for hire of her husband, Julian Clifton Lewis, Jr., and the capital murder for hire of her stepson, Charles J. Lewis. The Circuit Court sentenced Lewis to death for both capital murder convictions. After unsuccessfully challenging her death sentences on both direct appeal and in state habeas corpus proceedings, Lewis filed a petition for writ of habeas corpus in this court, pursuant to 28 U.S.C. § 2254. The court denied Lewis' petition on March 6, 2009. Lewis v. Wheeler, 2009 U.S. Dist. LEXIS 17173 (W.D. Va. Mar. 6, 2009). She has now filed the instant motion under Rule 59(e).

## Discussion

Although Rule 59(e) does not provide a standard under which a district court may grant a motion to alter or amend a judgment, the United States Court of Appeals for the Fourth Circuit

has held that there are three grounds for granting such motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1988). The Fourth Circuit has emphasized that granting a Rule 59(e) motion "is an extraordinary remedy which should be used sparingly." Id. Mere disagreement with a district court's ruling does not warrant relief under the Rule. Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993); see also Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977) (noting that Rule 59(e) is not "intended to give an unhappy litigant one additional chance to sway the judge").

In this case, Lewis' motion is premised on the third ground for altering or amending a judgment under Rule 59(e). Specifically, Lewis argues that the court committed clear error in its adjudication of claims I and II, and claims III through VI. Having reviewed the record, the court agrees with the respondent that Lewis has failed to state an appropriate ground for relief under Rule 59(e). Nonetheless, the court will address Lewis' arguments.

### I. Claims I and II

In claims I and II, Lewis alleged that she received ineffective assistance of counsel during the sentencing phase of the criminal proceedings. Specifically, Lewis claimed that her counsel rendered constitutionally ineffective assistance by failing to investigate, develop, and present at sentencing evidence of her borderline intellectual function, dependent personality disorder, and prescription drug addiction. Lewis argued, in claim I, that such evidence should have been presented to rebut the Commonwealth's case on the aggravating factor of depravity of mind, and she argued, in claim II, that the evidence should have been presented to mitigate against the

2

imposition of the death penalty.

Lewis raised both claims in her state habeas petition, which was dismissed by the Supreme Court of Virginia. In the instant motion, Lewis first argues, as she did in her federal habeas petition, that the Supreme Court of Virginia failed to address claim I altogether and only considered claim II. This contention, however, is without merit. In summarizing claims I and II in its published habeas opinion, the Supreme Court stated, in pertinent part, as follows:

> In the present case, Lewis alleges that trial counsel provided ineffective assistance because they failed to present available mitigation evidence during the penalty phase of her trial. Lewis contends that counsel should have presented evidence to rebut the Commonwealth's theory that Lewis was the "mastermind" of the murder conspiracy. According to Lewis, her low mental functioning, prescription drug addiction, and dependent personality disorder rendered her incapable of acting with a "depraved mind" because these problems impacted her ability to function and exercise judgment, resist demands, and display emotions.

Lewis v. Warden, 645 S.E.2d 492, 504 (Va. 2007). In evaluating the merits of the two claims, the Court proceeded directly to the prejudice prong of the two-part test for ineffective assistance set forth in Strickland v. Washington, 466 U.S. 668 (1984). The Court reviewed the evidence in aggravation of the offenses and the totality of the evidence in mitigation, and ultimately concluded that Lewis failed to demonstrate that she was prejudiced by counsel's alleged errors. In short, it is clear from the Supreme Court's opinion that the Court addressed claims I and II.

Lewis next argues that even if claim I was addressed on the merits by the Supreme Court of Virginia, the Court "us[ed] a patently incorrect standard of law" by reweighing the evidence in aggravation of the offenses against the totality of the available mitigating evidence. (Pet.'s Mot. at 2). Because a capital defendant in Virginia is only eligible for the death penalty if the

3

Commonwealth proves an aggravating factor beyond a reasonable doubt,[1] Lewis contends that "[w]hether the mitigating circumstances outweigh the aggravating circumstances . . . is not the correct . . . [prejudice] inquiry." (Pet.'s Mot. at 3-4). For the following reasons, however, the court remains convinced that the Supreme Court of Virginia reasonably applied Strickland and its progeny in rejecting Lewis' first claim.

In Strickland, the United States Supreme Court held that, in order to satisfy the prejudice prong of the test for ineffective assistance, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Court then defined "the question to be asked in assessing the prejudice from counsel's errors":

> When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt. When a defendant challenges a death sentence such as the one at issue in this case, the question is whether there is a reasonable probability that, absent the errors, the sentencer -- including the appellate court, to the extent it independently reweighs the evidence -- would have concluded that the balance of aggravating and mitigating circumstances did not warrant death.

---

[1] Virginia Code § 19.2-264.4(C) provides as follows:

> The penalty of death shall not be imposed unless the Commonwealth shall prove beyond a reasonable doubt that there is a probability based upon the evidence of the prior history of the defendant or of the circumstances surrounding the commission of the offense of which he is accused that he would commit criminal acts of violence that would constitute a continuing serious threat to society, or that his conduct in committing the offense was outrageously or wantonly vile, horrible or inhuman, in that it involved torture, depravity of mind or aggravated battery to the victim.

In this case, the Supreme Court of Virginia, like the Circuit Court, found that "the evidence of record [was] overwhelming that the defendant's conduct showed a depravity of mind." Lewis v. Commonwealth, 593 S.E.2d 220, 227 (Va. 2004).

4

Id.; see also Wiggins v. Smith, 539 U.S. 510, 534 (2003) ("In Strickland, we made clear that, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . . In assessing prejudice, we reweigh the evidence in aggravation against the totality of available mitigating evidence."); Emmett v. Kelly, 474 F.3d 154, 170 (4th Cir. 2007) ("In death penalty cases, to assess prejudice, the court reweighs the evidence in aggravation against the totality of available mitigating evidence.").

Based on the foregoing case law, the court remains convinced that the Supreme Court of Virginia did not unreasonably apply Strickland in finding that Lewis failed to demonstrate the requisite prejudice with respect to claim I. Notwithstanding the fact that the Commonwealth has the burden of proving beyond a reasonable doubt an aggravating factor that makes a defendant eligible for a death sentence, a reviewing court must nonetheless reweigh the evidence in aggravation against the totality of the available rebuttal and/or mitigating evidence in order to determine whether a petitioner was prejudiced by counsel's alleged errors. See, e.g., Powell v. Kelly, 531 F. Supp. 2d 695, 731-732 (E.D. Va. 2008) (rejecting petitioner's claim that false evidence of a defendant's criminal history presented during sentencing to support the aggravating factor of future dangerousness is prejudicial per se, since "[a] per se rule of prejudice . . . would not allow a court, in accord with Strickland, to review the totality of the aggravating and mitigating circumstances to determine whether the introduction of the false report was prejudicial").

Lewis also argues that this court committed clear error in observing that the new

5

mitigation evidence that she presented at the state habeas hearing was refuted by the evidence produced in rebuttal by the Commonwealth. While Lewis suggests that a reviewing court is incapable of engaging in a meaningful comparison of the parties' evidence "without having actually heard the testimony of the witnesses, or assessed in person the credibility of the experts" (Pet.'s Mot. at 4), the court disagrees. This court was clearly capable of reviewing the record from the state habeas hearing and determining whether the new evidence presented by Lewis was rebutted or controverted by the Commonwealth's evidence.

In her final argument with respect to claims I and II, Lewis challenges the court's observation, in a footnote, that its review of the available mitigating evidence in Williams v. Taylor, 529 U.S. 362 (2000), Wiggins v. Smith, 539 U.S. 510 (2003), and Rompilla v. Beard, 545 U.S. 374 (2005) revealed stark contrasts with the mitigating evidence presented by Lewis' habeas counsel. This footnote was included in the section of the court's opinion that addressed Lewis' argument that the mitigating evidence that she presented at the state habeas hearing "measure[d] up to" the evidence presented in those three cases. (Fed. Habeas Pet. at 59). As the court emphasized in its previous opinion, the appropriate inquiry is not whether the evidence Lewis presented at the evidentiary hearing "'was as powerful as the evidence in other cases, but rather whether the evidence was powerful enough to offset the aggravating evidence and demonstrate a reasonable probability of a different result in the petitioner's case.'" Lewis, 2009 U.S. Dist. LEXIS 17173, at *44-45 (W.D. Va. 2009) (quoting Yarbrough v. Johnson, 520 F.3d 329, 342 (4th Cir. 2008). Nonetheless, even if the appropriate inquiry would be to determine whether the evidence presented by Lewis measured up to the evidence described in

6

Williams, Wiggins, and Rompilla, the court remains convinced that Lewis' evidence was indeed less powerful.

## II. Claims III through VI

Claims III through VI were premised on the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Ring v. Arizona, 536 U.S. 584 (2002). In Apprendi, the Supreme Court invalidated a New Jersey sentencing scheme which permitted a trial judge to impose an extended sentence, if the judge found, by a preponderance of the evidence, that the defendant acted with the purpose to intimidate a group or individual on the basis of race, color, gender, handicap, religion, sexual orientation or ethnicity. In so doing, the court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty of a crime beyond the prescribed statutory maximum, must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Applying Apprendi in Ring, the Court invalidated Arizona's capital sentencing scheme, which at the time, required a trial judge, sitting alone, to determine the presence or absence of aggravating factors required for imposition of the death penalty, following a jury adjudication of a defendant's guilty. The Court emphasized that "[c]apital defendants, no less than noncapital defendants, . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment." Ring, 536 U.S. at 588.

Under Virginia law, when a defendant pleads guilty to an offense that is punishable by death, the trial court conducts the capital sentencing proceeding. See Va. Code § 19.2-257. Relying on Apprendi and Ring, Lewis argued, in claim III, that the Virginia capital sentencing scheme is unconstitutional, because it does not provide a defendant who pleads guilty to a capital

7

offense the opportunity to have a jury consider the aggravating factors that make a defendant eligible for the death penalty. Similarly, in claim V, Lewis alleged that her guilty plea was not knowing and voluntary, in light of Apprendi and Ring, because the Circuit Court failed to advise her of her alleged right to a jury determination of the aggravating factors required to impose the death penalty.

When Lewis raised claims III and V in her state habeas petition, the Supreme Court of Virginia held that the claims were procedurally defaulted, since they could have been raised at trial and on direct appeal. Consequently, in her federal petition, Lewis argued that trial counsel rendered ineffective assistance by failing to preserve the claims for review in state court, and that counsel's ineffective assistance provided cause to excuse her procedural default. Thus, Lewis presented, as cause for her procedural default of claims III and V, the ineffective assistance claim that was set forth separately in claim IV of her federal petition. The court performed a de novo review of the ineffective assistance claim, and ultimately concluded that Lewis failed to demonstrate that trial counsel's performance was constitutionally deficient. Consequently, the court rejected claim IV on the merits and held that claims III and V were procedurally barred from review.

Relying on Apprendi and Ring, both of which were decided before Lewis was sentenced, Lewis contended, in claim IV, that a reasonable capital defense attorney would have challenged the constitutionality of Virginia's capital sentencing scheme and demanded a jury determination of the aggravating factors. In rejecting this argument, the court initially observed that neither Apprendi nor Ring unequivocally dictates that a defendant who pleads guilty to capital murder and, thus, waives her right to a jury trial, is nonetheless entitled to be sentenced by a jury.

8

Citing a 2001 decision by the United States Court of Appeals for the Fourth Circuit, in which the Court vacated a defendant's sentence in a non-capital case on the basis of Apprendi, Lewis now argues that this initial observation was in error. Lewis' argument, however, is without merit. The Fourth Circuit case cited by Lewis, United States v. Dinnall, 269 F.3d 418 (4th Cir. 2001), was decided before the Supreme Court's decision in Ring and, thus, is not appropriately characterized as expressing an opinion on "the applicability of . . . Ring to guilty pleas." (Pet.'s Mot. at 7). Moreover, while the Fourth Circuit did note that it "need look no further than Apprendi itself for an application of the rule of that case to a defendant who has pleaded guilty to the charge in the indictment," Dinnall, 269 F.3d at 423 n.3, the Court in no way suggested that the Apprendi rule would apply in the case of a defendant who pled guilty to capital murder. Indeed, as this court noted in its previous opinion, the United States Supreme Court, in explaining the basis and reach of Apprendi, specifically rejected the notion that Apprendi rendered state capital sentencing schemes unconstitutional. See Apprendi, 530 U.S. at 496 ("[T]his court has previously considered and rejected the argument that the principles guiding our decision render invalid state capital sentencing schemes requiring judges . . . to find specific aggravating factors before imposing a sentence of death.").

The court also remains unpersuaded by Lewis' reliance on Ring to support her claim of ineffective assistance. As the court noted in its previous opinion, a decision holding that a defendant who pleads guilty to a capital offense is nonetheless entitled to a jury determination of the aggravating factors would have been extension of Ring, and the court declines to conclude that counsel was ineffective in failing to perceive an extension of precedent. See Honeycutt v. Mahoney, 698 F.2d 213, 217 (4th Cir. 1983). Additionally, as previously explained, demanding

9

a jury to try the aggravating factors would have been entirely inconsistent with trial counsel's sentencing strategy. It is abundantly clear from the record that trial counsel wanted Lewis to be sentenced by the judge, rather than a jury, because counsel believed that the judge was more likely to sentence her to life. While the sentences ultimately imposed by the trial judge were not what Lewis' counsel expected, the court remains persuaded that counsel's advice was clearly reasonable under the circumstances of this case, and that it would be inappropriate to second-guess their strategic decision. In short, the court remains of the opinion that Lewis' trial counsel did not act unreasonably in failing to demand a jury determination of the aggravating factors or in failing to challenge the constitutionality of the Virginia capital sentencing scheme.

In her final argument, Lewis challenges the court's decision with respect to claim VI, in which Lewis alleged that trial counsel was ineffective in failing to adequately advise her of her rights under Apprendi and Ring. To support this claim, Lewis emphasized that she was never advised that she could plead guilty to capital murder, but nonetheless have a jury consider the aggravating factors necessary to impose a death sentence. Lewis further argued that there was a reasonable probability that she would have requested a jury determination of the aggravating factors, had she been properly advised, and that she would have proceeded to a jury trial if her request had been denied.

Lewis raised the same claim in her state habeas petition. The Supreme Court of Virginia ultimately rejected the claim on the pleadings, holding that Lewis failed to establish the requisite prejudice:

> The Court holds that claim (IV) does not satisfy the "prejudice" prong of the two-part test enunciated in Strickland . . . . Petitioner fails to allege that if she had been so advised, she would

10

> not have pleaded guilty and that her sentences would have been different if determined by a jury. In addition, petitioner advised the circuit court that she understood that by pleading guilty she was waiving her right to a jury trial and that the trial judge would determine her sentences. Finally, in view of the overwhelming evidence of vileness in this case, petitioner has failed to demonstrate the likelihood that a jury would not have imposed sentences of death. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, she would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different.

Lewis III, 2007 Va. LEXIS 68, at *2-3 (internal citations omitted). Upon review of the record, this court held that the Supreme Court's decision was entitled to deference under 28 U.S.C. § 2254(d).

While Lewis again contends, in the instant motion, that the Supreme Court's decision was unreasonable, the court disagrees. Given the substantial evidence against Lewis, as well as counsel's rational and informed expectation that the trial judge would not sentence Lewis to death, the court remains convinced that there is no reasonable probability that Lewis would have requested a jury determination of the aggravating factors, or that she would have proceeded to a jury trial if her request had been denied.

### Conclusion

For the reasons stated, Lewis' motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure must be denied. The Clerk is directed to send certified copies of this opinion and the accompanying order to all counsel of record.

ENTER: This ___ day of April, 2009.

_____
United States District Judge